IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PETER MAMBO,**

    **Plaintiff,**

vs.                                                          **CIV-08-0200 RB/ACT**

**HANNAH BEST & ASSOCIATES,**
**HANNAH B. BEST, LAW OFFICES OF**
**MICHAEL E. MOZES, P.C., a professional**
**corporation, and MICHAEL E. MOZES,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER
## DISMISSING CASE

**THIS MATTER** comes before the Court *sua sponte* because federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," before issuing any substantive rulings. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). While the Court ordinarily does not dismiss a complaint *sua sponte* without first providing a plaintiff with an opportunity to respond and show cause, in this instance the parties both have briefed the issue of subject-matter jurisdiction[1], and the issue is ripe for resolution. Because the Court has no subject-matter jurisdiction over this Complaint that alleges

---

[1] The Defendants initially filed motions to dismiss for lack of subject-matter jurisdiction in lieu of filing answers, *see* Docs. 5, 7; the Plaintiff responded to both motions, *see* Docs. 8, 9; and then, instead of filing replies, the Defendants withdrew their motions to dismiss, *see* Doc. 10; and answered the Complaint. In her response to Mambo's motion to strike, Best explained that, "plaintiff's theory that there is 'federal question' jurisdiction over this state-law legal malpractice case because plaintiff had an underlying federal-law employment discrimination claim, is questionable. Best withdrew her motion to dismiss because, if this Court accepts plaintiff's theory, Best is happy to litigate the legal malpractice claim against her in this Court. Best has simply decided not to take a position at this point whether there is subject matter jurisdiction in this Court, because Best does not know whether plaintiff's theory in support of federal question jurisdiction is well-founded ." Doc. 17 at 3. But the parties may not waive or forfeit the issue of subject-matter jurisdiction. *See Arbaugh*, 546 U.S. at 514.

only a state-law cause of action for legal malpractice/negligence between parties that are not diverse, the Court will dismiss the Complaint without prejudice.

**I. Background.**

Pro se Plaintiff Peter Mambo alleges in his Complaint that he is a resident of New Mexico, *see* Compl. at ¶ 1; that Defendant Hannah Best & Associates is a law firm with its principal place of business in New Mexico, *see id.* at ¶ 2; that Defendant Hannah B. Best is a resident of New Mexico, *see id.* at ¶ 3; that Defendant Michael E. Mozes, P.C. is a law firm with its principal place of business in New Mexico, *see id.* at ¶ 4; and that Defendant Michael E. Mozes is a resident of New Mexico, *see id.* at ¶ 5. Mambo's single cause of action is one brought under state law for negligence/legal malpractice. *See id.* at ¶ 27.

The Complaint alleges that Best and her lawfirm represented Mambo in 1992 in a race discrimination suit filed in state court against Mambo's former employer, Raley's, Inc. *See id.* at ¶ 10. Mambo's suit alleged only a state-law claim for violation of the New Mexico Human Rights Act. *See id.* After an irreconcilable conflict arose between Best and Mambo, Best withdrew as counsel, and Mozes began representing Mambo in October 2003. *See id.* at ¶¶ 11-12. The state-district court granted summary judgment in favor of Raley's on Mambo's race discrimination claims in June 2004, *id.* at ¶ 14. The New Mexico Supreme Court upheld that decision on appeal, concluding that Mambo had failed to present any evidence of "racially discriminating attitudes" by his supervisors and that his evidence showed only that the managers may have been personally biased against him but there was no evidence that "this bias was based on his race or national origin." Complaint, Att. 1 at 28. The New Mexico Supreme Court also concluded that, because Mambo admitted to having had a confrontation with a customer and that the confrontation clearly violated company policy, Raley's had a legitimate reason for terminating Mambo. *Id.* at 29. The

Court held that Mambo failed to "make any showing that his termination was pretextual." *Id.*

In December 2004, Mozes filed a second complaint for Mambo in state court against Raley's and one of its managers regarding the same set of facts as his first complaint, but alleging race discrimination in violation of 42 U.S.C. § 1981. *See* Complaint at ¶ 17. The case was removed to federal district court, *see id.* at ¶ 18, and this Court granted summary judgment in favor of the Defendants in August 2005 because Mambo's claims were barred by the doctrine of *res judicata*, *see id.* at ¶¶ 19, 26. The Court applied "New Mexico law to determine whether *res judicata* or collateral estoppel precludes [Mambo's] suit." *Mambo v. Vehar*, No. 05cv408, Memorandum Opinion and Order at 3, filed Aug. 18, 2005 (Doc. 22). The Tenth Circuit Court of Appeals affirmed the decision.

**II.  Analysis**

    **a.  There is no diversity jurisdiction.**

"To establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must show that compete diversity of citizenship exists *between the parties* and that the amount in controversy exceeds $75,000." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004) (italics added). Here, there is no diversity between Mambo and the Defendants, who all are citizens of New Mexico. Mambo contends that diversity exists because his original suits were against Raley's, which is not a citizen of New Mexico, but Raley's is not a party in this case, thus its citizenship is irrelevant.

    **b.  There is no federal question.**

The second way to obtain subject-matter jurisdiction in federal court is via the federal-question statute, which confers jurisdiction to federal courts over cases arising under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he 'well-pleaded

complaint rule' requires that the federal question appear on the face of the plaintiff's properly pleaded complaint." *Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986). When facially reviewing the complaint to determine whether it alleges sufficient facts to confer federal-question jurisdiction, the Court accepts the well-pleaded allegations as true. *See Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005).

Federal subject-matter jurisdiction exists "only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). But the Supreme Court later noted that, in *Franchise Tax Board*, it "did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 & 817(1986) (holding that "a complaint alleging violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private federal cause of action for the violation, does not state a claim" arising under § 1331). Rather, that case "candidly recognized the need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction." *Id.* at 814.

A state-law suit for legal malpractice in New Mexico requires the plaintiff to establish "three essential elements: (1) the employment of the defendant attorney; (2) the defendant attorney's neglect of a reasonable duty; and (3) the negligence resulted in and was the proximate cause of loss

to the plaintiff." *Rancho del Villacito Condos., Inc. v. Weisfeld*, 121 N.M. 52, 55-56, 908 P.2d 745, 748-49 (1995) (internal quotation marks and citation omitted). "When the attorney's negligence involves failure to take certain action, the client must show that if the attorney had acted then the client would not have suffered damage, at least not to the same degree." *Carrillo v. Coors*, 120 N.M. 283, 288, 901 P.2d 214, 219 (Ct. App. 1995) (citation omitted).

Mambo notes that his second suit brought in state court (but removed to federal court) against Raley's and its manager for violation of § 1981 raised a federal question. He contends that, because legal malpractice cases essentially require proving that he would have prevailed in that § 1981 case but for Best's and Mozes' malpractice, his right to relief necessarily depends on resolution of that federal question and the Court has subject-matter jurisdiction over his state-law malpractice claim. The Court disagrees.

Mambo's § 1981 case (which only Mozes pursued) was dismissed *not* on the merits of a federal question but because the principle of *res judicata* barred Mambo from relitigating claims for racial discrimination. As pointed out in the opinion dismissing Mambo's second complaint, the *res-judicata* defense is an issue resolved by examining state law. Thus, Mambo's right to relief in regard to his malpractice claim does not "necessarily depend[] on resolution of a substantial question of federal law," *Franchise Tax Bd.*, 463 U.S. at 27-28, but, rather, on application of a common-law principle for which federal courts look to state law[2]. In this situation, the Complaint for malpractice

---

[2] The Court is not aware of any law from the Tenth Circuit regarding subject-matter jurisdiction over state-law legal-malpractice cases. But because there is not a substantial question of federal law at issue, the Court need not determine whether it would follow the Fifth Circuit's or the Federal Circuit's analysis of "arising under" jurisdiction in legal-malpractice cases in which a federal question exists. *Compare Singh v. Duane Morris LLP,* 538 F.3d 334, 339 (5th Cir. 2008) (finding that "federal jurisdiction over this state-law malpractice claim would upend the balance between federal and state judicial responsibilities [] [b]ecause . . . [l]egal malpractice has traditionally been the domain of state law, and federal law rarely interferes with the power of state authorities to regulate the practice of law" and holding that, even though resolving the malpractice claim necessarily required resolving a federal trademark fact question, the trademark question was not substantial enough to create "arising under" jurisdiction)

does not state facts supporting "arising under" jurisdiction. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (stating that, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities").

Further, the negligence or malpractice that Mambo complains of did not occur in the § 1981 case, but rather allegedly occurred in the *first* suit that both Best and Mozes pursued on Mambo's behalf. There was no federal question in that case, so any malpractice claims based on it do not involve a substantial question of federal law. The Court concludes that Mambo's malpractice case does not arise under federal law and the Court does not have subject-matter jurisdiction over Mambo's Complaint.

**IT IS ORDERED** that Mambo's Complaint is dismissed without prejudice for lack of subject-matter jurisdiction.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

*with Air Measurement Tech., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.*, 504 F.3d 1262, 1269 (Fed. Cir. 2007) (finding "arising under" jurisdiction under 28 U.S.C. § 1338 for a state-law malpractice claim stemming from representation in prior federal patent litigation because "the district court will have to adjudicate, hypothetically, the merits of the infringement claim," and there was "simply no good reason to deny federal jurisdiction").